IN THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT
OF FLORIDA, ORLANDO DIVISION

PERRY GOUTZOS,
    Plaintiff,

v.                                    CASE NO.:

AMERICAN LEAK
DETECTION, INC., a California
Profit Corporation, and
PATRICK DESOUZA, individually.
    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff PERRY GOUTZOS ("Plaintiff") hereby files this Complaint for damages against Defendants American Leak Detection, Inc. ("ALD") and Patrick DeSouza ("DeSouza") and states as follows:

### **JURISDICTION AND VENUE**

1. This Court maintains personal jurisdiction over Defendants because of Defendants' contacts with Florida and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

2. Jurisdiction is proper in the Court pursuant to 29 U.S.C. 216(b), the jurisdictional provision of the Fair Labor Standards Act ("FLSA").

3. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(b)(1-2) because Defendants conduct business in this judicial district and a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

4. At all material times, ALD was a California corporation with its principal place of business in Connecticut.

5. At all material times, ALD operated a place of business in Orange County, Florida.

6. At all material times, ALD provided leak detection and repair services.

7. At all material times, ALD was an "employer" as defined by the FLSA.

8. At all material times, ALD was "engaged in commerce" as defined by the FLSA.

9. At all material times, DeSouza was and continues to be an individual resident of the State of Connecticut.

10. At all material times, DeSouza conducted business in the State of Florida.

11. During the time period at issue in this lawsuit DeSouza had operational control of ALD's day-to-day function, including determining compensation of employees, hiring and discharging employees, controlling employees and establishing terms and conditions of employment, including Plaintiff in his employment as a service technician of ALD's Orange County, Florida office.

12. At all material times, DeSousa was an "employer" as defined by the FLSA.

13. The annual gross revenue of ALD was in excess of $500,000 per year during the time period at issue in this lawsuit.

14. Defendants are subject to enterprise coverage under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(B).

15. At all material times, Plaintiff was an "employee" of Defendants as defined by the FLSA.

16. At all material times, Defendants were Plaintiff's "employers" as defined by the FLSA.

## FACTS

17. Plaintiff worked for Defendants from 2016 through October 2021.

18. Plaintiff began his employment with Defendants in Essex County, Massachusetts, in 2016.

19. In 2017, Plaintiff became a Working Manager for ALD in Essex County, Massachusetts.

20. As a Working Manager, Plaintiff oversaw and directed the work of at least three full-time service technicians; had authority to hire and fire service technicians; made changes to service technicians' schedules; provided pricing quotes for ALD projects; and directed ALD projects.

21. As a working manager, Plaintiff was paid a base salary by Defendants and was eligible for a bonus.

22. In October 2020, Plaintiff relocated to Polk County, Florida, to work for ALD as a service technician in its Orange County, Florida, office.

23. Prior to Plaintiff accepting the service technician position and relocating to Polk County, Florida, DeSouza told Plaintiff that he would primarily be performing leak detection and/or repair projects in the Polk County, Florida, area.

24. As a service technician, Plaintiff was assigned to leak detection and/or repair projects and conducted marketing for ALD in the central and north-central Florida regions.

25. Plaintiff did not perform any managerial tasks or have any supervisory authority in his position as a service technician.

26. As a service technician, Plaintiff received an annual salary of $82,000.00 annually with no bonus.

27. Beginning on or about December 2020, Plaintiff was not permitted to punch a timeclock in and out while employed as a service technician.

28. Plaintiff worked for Defendants in excess of 40 hours within a work week while employed as a service technician at ALD's Orange County, Florida, office.

29. Plaintiff worked between 45 and 50 hours per week for Defendants, *without* taking into account travel from his home to his first worksite and from his last worksite home.

30. The time Plaintiff spent traveling from his home to a work site and from a work site to his home was extraordinary. Defendant worked 50 to 60 hours per week for Defendants, taking this extraordinary travel-time into account.

31. Defendants did not compensate Plaintiff at a rate of one-and-a-half times his regular rate for all hours worked in excess of 40 hours in a single work week.

32. On October 26, 2021, Plaintiff sent an e-mail to Nathaniel Keegan, ALD's Assistant People Business Operations Business Partner inquiring about "the company's policy on drive time to and from work with a company vehicle,

for a salaried employee. And how many hours a day is (sic) salaried employees allowed to work in the field." Plaintiff further informed ALD that he had "[b]asically been forced into working 12 to 14 hour days every day for a year." Emails with Nathaniel Keegan, attached as Exhibit A.

33. Mr. Keegan responded by thanking Plaintiff for "raising the concern" and said he would discuss those concerns with John Spenard, ALD's Chief People Officer. Exhibit A.

34. Receiving no response from Keegan or Spenard, Plaintiff emailed John Spenard directly on Oct. 28, 2021, stating, "Basically I am a salaried employee working in the field and being forced to work 12 and 14 hour days for my base pay." See Emails with John Spenard, attached as Exhibit B.

35. On November 2, 2021, Plaintiff was terminated, only one week after bringing his concerns regarding his hours and pay to ALD.

36. Plaintiff has retained Campbell Trohn Tamayo & Aranda to represent him in this litigation and has agreed to pay a reasonable fee for the firm's services.

**COUNT 1 – RECOVERY OF OVERTIME COMPENSATION**

37. Plaintiff restates the allegations of Paragraphs 1 through 35 above.

38. Plaintiff was a "non-exempt" employee in his position as a service technician for ALD, as defined by the FLSA.

39. Defendants have violated the FLSA by:

    a. Failing to compensate Plaintiff at one-and-a-half times his regular rate for all hours worked in excess of 40 hours per week; and/or

    b. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated obligations.

40. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA.

41. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

42. Due to the willful and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked in excess of 40 hours per week.

43. Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

44. Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

## COUNT II – RETALIATION

45. Plaintiff restates the allegations of paragraphs 1 through 35 above.

46. On October 26 and 28, 2021, Plaintiff emailed Defendants' representatives complaining of possible FLSA violations.

47. As such, Plaintiff engaged in protected activity under the FLSA pursuant to 29 U.S.C. § 215(a)(3).

48. Within a week of his complaints, Defendants terminated Plaintiff's employment.

49. The close temporal proximity between Plaintiff's protected activity and the adverse employment action establishes the requisite causal connection to prove legal retaliation.

50. Defendants had no basis for terminating Plaintiff other than to retaliate against him for complaining about his good-faith belief that Defendant were violating the FLSA.

WHEREFORE Plaintiff PERRY GUTZOS respectfully requests that the Court enter a judgment in his favor against Defendants and award him the following relief:

    a. All wages and other economic benefits lost as a result of Defendants' unlawful acts;

    b. Compensatory damages;

    c. Liquidated damages pursuant to the FLSA;

    d. Reasonable attorney's fees and costs and expenses of litigation pursuant to the FLSA;

    e. Pre- and post-judgment interest; and

      f.    Any further relief the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted December 20, 2021.

                                        CAMPBELL TROHN
                                        TAMAYO & ARANDA, P.A.

                                        /s/ Robert Aranda

                                        _____

                                        Robert Aranda
                                        Florida Bar No.: 988324
                                        P.O. Box 2369
                                        Lakeland, FL 33806
                                        Tel: (863) 686-0043
                                        Fax: (863) 616-1445
                                        r.aranda@cttalaw.com
                                        p.roop@cttalaw.com
                                        ATTORNEYS FOR PLAINTIFF