UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PERRY GOUTZOS,**

        **Plaintiff,**

v.                                                                                     Case No: 6:21-cv-2130-CEM-DCI

**AMERICAN LEAK DETECTION,
INC. and PATRICK DESOUZA,**

        **Defendants.**

## ORDER

This cause comes before the Court following a Settlement Conference, held on September 21, 2022. (Doc. 34.) Upon consideration, I find that the FLSA Settlement Agreement (attached hereto) reached by the parties is a fair and reasonable resolution of a *bona fide* dispute over Plaintiff's FLSA claims, for the reasons set forth below.

**I.**        **BACKGROUND**

Plaintiff initiated the instant action against Defendants, alleging claims for unpaid overtime wages and violation of the retaliation provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1.) In the Complaint, Plaintiff alleges that he was employed by the Defendants, that Defendants failed to properly pay Plaintiff's wages, and that Defendants wrongfully terminated Plaintiff in retaliation for complaints about possible FLSA violations. (*Id.* ¶ 37–50.)

On August 11, 2022, the Court referred this case to the undersigned for a settlement conference. (Doc. 29.) On September 21, the parties and their counsel appeared before the undersigned for a settlement conference. At the settlement conference, the parties presented to the Court a Settlement Agreement, which is attached to this Order as Exhibit A. The agreement was emailed to the undersigned following its execution by the parties.

The parties previously moved for the undersigned to have the authority to approve any settlement reached during the settlement as a fair and reasonable resolution of a *bona fide* dispute, and the presiding District Judge granted the motion. (Docs. 32, 33.) Accordingly, the undersigned is authorized to conduct a fairness analysis to determine whether the Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute.

II.   **STANDARD**

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013); *Lynn's Food*, 679 F.2d at 1352 (holding that an employee's rights under the FLSA "cannot be abridged by contract or otherwise waived").

In actions brought directly by current and former employees against their employers for unpaid wages under the FLSA, district courts must scrutinize any settlement "for fairness" before dismissing an action. *See Nall*, 723 F.3d at 1306–07; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013). Specifically, the Court must determine that any settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

### III.   DISCUSSION

At the settlement conference, the parties agreed to settle the case for $3,333.00 in overtime wages, an equal amount in liquidated damages, $11,833.50 in backpay wages, and $35,500.50 in compensatory damages. Settlement Agreement 3–4. Additionally, the parties agreed to $25,000 in attorneys' fees and costs (*id.* at 4), which were negotiated separately. After reviewing the proposed settlement agreement, the Court finds that the settlement agreement is fair and reasonable, as *Lynn's Food* requires. *See* 679 F.2d at 1355.

In exchange for additional consideration, Plaintiff also agrees to a general release, a non-disparagement provision, a no-rehire provision, and a confidentiality

provision. Settlement Agreement 1–6. The Settlement Agreement also contains a clause allowing Plaintiff to revoke it within seven days of signing it. *Id.* at 6. In any circumstance where a Plaintiff has not asserted non-FLSA claims, but the parties have elected to enter into an agreement to settle such claims, "courts have viewed the execution of separate agreements with skepticism and have considered whether the agreements are simply two parts of the same agreement." *Wilburn v. Paradise Lawns & Landscaping, Inc.*, 6:14-cv-1557-Orl-37TBS, Doc. 18 at *5 (M.D. Fla. Feb. 13, 2015) (citing *Mathis v. Metro Corral Partners,* No. 6:14-cv-00429-Orl-41TBS, Doc. 26 at *5–6 (M.D. Fla. Aug. 6, 2014)). Because these circumstances are present here, the undersigned has scrutinized the parties' reasons for entering into the agreement as to the non-FLSA claims, questioned counsel for the parties, and reviewed the general release and the consideration received by Plaintiff in exchange for executing such release.

Here, I am sufficiently satisfied that the additional provisions do not run afoul of the FLSA. Pursuant to the "Revocation" section of the Settlement Agreement, Plaintiff has the ability to revoke the agreement within seven days of signing it. Revocation of the non-FLSA provisions would have no effect on the enforceability of the FLSA provisions, which cannot be modified. "Therefore, even if, the Non-FLSA Agreement would have been an impermissible 'side deal' in which the employer 'extracts' what would normally be an inappropriate concession as a condition of paying an FLSA settlement sum, *Moreno*, 729 F. Supp. 2d 1351–52, the right of revocation ensures that the employee can escape any 'side deal' he or she does not find

to be beneficial." *Wilburn*, 6:14-cv-1557-Orl-37TBS, Doc. 18 at *6. Moreover, the parties have agreed to the filing of the entirety of the Settlement Agreement on the docket.

Moreover, the parties are representing that Plaintiff is receiving additional, separate consideration in an amount of $250 per provision in exchange for his execution of the general release, non-disparagement provision, no-rehire provision, and confidentiality provision. I find that the separate consideration is adequate. *See Owens v. SSRMI, LLC*, No. 5:16-cv-15-Oc-PGB-PRL, 2017 WL 2190646, at *3 (M.D. Fla. Apr. 28, 2017), *report and recommendation adopted*, 2017 WL 2172089 (M.D. Fla. May 17, 2017) (noting "courts in this District have also approved FLSA settlements with accompanying broad releases even where the plaintiff did not receive full compensation for his or her FLSA claim, as long as additional valuable compensation was paid to the plaintiff in exchange for the broad general release."); *Wilburn*, 6:14-cv-1557-Orl-37TBS, Doc. 18 at *6 (approving FLSA settlement where plaintiff compromised their FLSA claim and received $250 in separate consideration for general release where it was negotiated separately from plaintiff's FLSA claim); *Burch v. TTC Performance Prods., Inc.*, 6:20-cv-537-Orl-40EJK, Doc. 19 at *6–7 (M.D. Fla. Feb. 8, 2021), *report and recommendation adopted*, Doc. 20 (M.D. Fla. Mar. 9, 2021) (approving FLSA settlement where plaintiff received full value for their FLSA claim, plus $100 in separate consideration for general release where it was negotiated separately from plaintiff's FLSA claim); *Buntin v. Square Foot Management, Co. LLC*, No. 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2–3 M.D. Fla. May 27, 2015)

(approving FLSA settlement where the settlement represented a compromise and consideration in the form of a neutral reference was promised by defendant to plaintiff in exchange for a broad general release).

Therefore, I conclude that non-FLSA provisions do not run afoul of the FLSA. Moreover, I have reviewed the Settlement Agreement and found that it does not otherwise "undermine the public policies embodied in the FLSA and other labor and employment laws." *Wilburn*, 6:14-cv-1557-Orl-37TBS, Doc. 18 at *6 n.1 (citing *Dees*, 706 F. Supp. 2d at 1242).

### IV. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that the parties' Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA and is therefore **APPROVED**.

**DONE** and **ORDERED** in Orlando, Florida on October 7, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE